1 Babak Pourtavoosi, Esquire, SBN 216287
2 Law Offices of Babak Pourtavoosi PC
  Of counsel to Pannun The Firm, PC
3 75-20 Astoria Boulevard, Suite 170
  Jackson Heights, NY 11370
4 (718) 672-8000; Fax: (718) 732-4514
5 Bpesq2@yahoo.com
  Attorney for Plaintiffs
6

7

8

9
                  **UNITED STATES DISTRICT COURT**
10                **CENTRAL DISTRICT OF CALIFORNIA**

11 SIKHS FOR JUSTICE, INC. "SFJ"          )      CV14-08297 DDP(JCx)
12 On behalf of deceased and injured      )
   Member of Sikhs community;             )      Civ No._____
13                                        )
14 BABU SINGH DUKHIYA, on his own         )
   behalf and on behalf of deceased and injured )
15 Family members; and                    )      COMPLAINT
                                          )
16 MOHINDER SINGH, on his own behalf      )
17 And on behalf of deceased and          )
   Injured family members                 )      A CIVIL ACTION
18                                        )      CLASS ACTION
                                          )
19         **Plaintiffs,**                )
                                          )
20                                        )      JURY TRIAL DEMANDED
                                          )
21         v.                             )
                                          )
22 AMITABH BACHCHAN ,                     )
   a national and citizen of India        )
23                                        )
                                          )
24         **Defendant.**                 )
                                          )
25 ─────────────────────────────────────
   Complaint
26 SFJ, et al. v. Amitabh Bachchan

                        - 1

1. Plaintiffs, on behalf of themselves, their deceased family members and all others similarly situated who were victims of or related to the victims of "Sikh Genocide of November 1984" hereinafter referred to as "The Sikh Genocide of 1984" which is popularly and purposely misnomered as "Anti Sikh Riots of 1984" (collectively "Plaintiffs"), as and for their complaint against the Defendant in this action respectfully allege as follows:

## I.     PRELIMINARY STATEMENT

2. In the year 2013, the Defendant possessed a major role in a famous American movie "The Great Gatsby" made, sponsored and released by the Hollywood film industry located within the territorial jurisdiction of this court. The movie which won 2 Oscar awards was co-starred by Leonardo DiCaprio and was produced by Warner Bros.

3. On October 31, 1984 after Indira Gandhi the then Prime Minister of India and head of ruling Congress party was declared dead at All India Institute of Medical Sciences (AIIMS), the Defendant Amitabh Bachchan, raised the slogans "Sikho ne Indira Ji ko mar dala" ("Sikhs have killed Indira") ; "Maro Saalon ko, desh ke ghaddaron ko" ("Kill these bastards , they are traitors") ; 'khoon ke cheentay Sikhon ke ghar ghar tak puhnchanay chahiyay'" ("the blood stains should reach the households of Sikhs") and

Complaint
SFJ, et al. v. Amitabh Bachchan
- 2 -

"khoon ka badla khoon" ("blood for blood"). Hearing defendant Bachchan's call for violence against Sikhs, otherwise shocked and numb crowd immediately reacted violently towards Sikhs present in the crowd and started beating them.

4.  "Blood for blood" slogan raised by Bachchan turned into "Ebola Virus" as it was instantly picked by the crowd and India's state owned TV Station "Door Darshan" and All India Radio started telecasting slogans of "Blood for Blood" resulting in the killing of more than 30,000 Sikhs across the country during the next few days.

5.  Telecast of slogans by the state owned media calling for violence against Sikhs was reported by People's Union for Democratic Rights (PUDR) and People's Union for Civil Liberties (PUCL) in their report "Who Are the Guilty" stating that "[w]e were also intrigued to find Doordarshan (the State-controlled Indian television network) allowing the broadcast of highly provocative slogans like 'khoon ka badla khoon' (blood for blood)."[1]

---

[1] "Who Are The Guilty" A Report of a joint inquiry into the causes and impact of the riots in Delhi from 31 October to 10 November 1984 PUCL – PUDR A fact-finding team jointly organised [sic] by one People's Union for Democratic Rights (PUDR) and people's Union for Civil Liberties (PUCL) in the course of investigations from November 1 to November 10, has come to the conclusion that the attacks on members of the Sikh Community in Delhi and its suburbs during the period, far from being a spontaneous expression of "madness" and of popular Complaint

SFJ, et al. v. Amitabh Bachchan

- 3 -

6. The slogans calling for blood of Sikhs coined and raised by defendant Bachchan a day earlier outside AIIMS instantly became so popular that they were also raised by the crowed at Teen Murti on November 1 during Indira Gandhi's burial.[2]

7. Defendant Amitabh Bachchan was considered by many in India to be an iconic legend due to his movie star roles in Bollywood and also known for his personal appearances on the government-owned All-India radio and television networks. He was generally liked and well known in such capacities during the 1980's. When he spoke, his words were like a plagued virus spreading wildly without end and the people listened and moved at his beckon call. That notoriety and fame was used in what has become known as "The Sikh Genocide of 1984" following the assassination of Prime Minister Indira Ghandi, a woman who Defendant revered as a "mother figure" and with whom he had close ties to her family, to excercise, facilitate, and proliferate the murders of countless thousands.  Since then to

"grief and anger" at Mrs. Gandhi's assassination as made out to be by the authorities, were the outcome of a well organised [sic] plan marked by acts of both deliberate commissions and omissions by important politicians of the Congress (I) at the top and by authorities in the administration. http://www.pucl.org/Topics/Religion-communalism/2003/who-are-guilty.htm.

[2] See "Who Are the Guilty" at ibid.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 4

the Sikh community, Defendant Amitabh Bachchan became known as the "butcher" because his words had led to the slaughter of over 30,000 members of a primarily peaceful religion, Sikhism. Defendant's words and anti-Sikh propaganda were like venom being spit out of a cobra poisoning the minds and hearts of all they touched.

8.  Reach, magnitude and consequences of Bachchan's call for violence against Sikhs was aptly reported by Hindustan Times in its November 1984 report showing 16 states of India where Sikhs were targeted during November 1984.

PUBLISHED BY:
THE HINDUSTAN TIMES, NEW DELHI          NOV 1, 1984



SOURCE: LIBRARY OF CONGRESS NEWSPAPER RM

Complaint
SFJ, et al. v. Amitabh Bachchan

- 5

9. Perils caused by Bachchan's call for violence against Sikhs continue to be unearthed even after more than two decades. Starting with the 2011 discovery of Mass Grave of Sikhs in village Hondh-Chillar, District Rewari, Haryana, the evidence located in several states of India including additional nine (9) Gurudwara ruins in Delhi, mass cremation site in Pataudi and Gurgaon, State of Haryana; ruins of Sikh localities in West Bengal, Uttar Pradesh and Jammu & Kashmir exposes the gravity, span, compass and specially organized, identical and widespread nature of the attacks initiated by the call given by Bachchan. This discovery coming twenty-six years after the fact is evidence not only of the genocide of Sikhs that took place throughout India at the time but also of the cover up that began all those years before which continues to this day.

10. Consequences of Bachchan's venomous slogans for Sikh Blood can be seen even today in doomed "Widow Colony", a locality of Indian Capital New Delhi. Originally known as "Tilak Vihar", "the widow colony" is almost entirely inhibited by widows of the Sikh men who were killed in "The Sikh Genocide of 1984" and where hardships, struggles, and extreme poverty persist continuously as a result of those dreadful and unlawful events, that were set in motion by the call to violence given by Bachchan.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 6

11. The defendant was at the time of November 1, 1984 heavily involved in politics in India and was a known supporter and long-time family friend of Rajiv Gandhi, the son of Prime Minister Indira Gandhi, who took the office of Prime Minister immediately after the assassination of his mother and became the youngest person to hold that office as well as a scion of the politically powerful Nehru-Gandhi family associated with the Indian National Congress (I) party.

12. In the same year of the assassination of Indira Gandhi, Bachchan, mostly certainly as a reward for his role in avenging the death of Ms. Gandhi, was nominated as Congress party candidate in general elections and he won a seat on the 8th Lok Sabha (the Parliament of India) by one of the highest victory margins in the election history of India. This also shows the popularity and influence that Bachchan enjoyed at that time which he used to direct violence against Sikhs. This was after his egregious and active role in instigating and inciting the killing of Sikhs during November 1984.

13. Sikhs are a religious minority in India, a Hindu majority –controlled country, and are largely residing in the Indian state of Punjab. In 1984 the ruling party in the center was the Indian National Congress (I) party with Indira Gandhi as the leader and Prime Minister of the country.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 7

14. On October 31, 1984, Prime Minister Gandhi was shot by two of her own body guards who happened to be Sikhs.

15. Almost 24 hours later, on November 1, 1984, an organized targeting of Sikhs began in India and particularly the capital New Delhi which continued almost unhindered to November 4, 1984. In the four day carnage, 30,000 Sikh men, women, and children were killed in New Delhi alone while thousands were left maimed, wounded, raped and burnt. Shops, properties and Sikh temples were ransacked, looted and torched. As a result, more than 300,000 Sikhs were displaced.

16. From November 1, 1984 till about November 4, 1984 over 30,000 members of the Sikh community were ruthlessly killed, butchered, burnt alive, raped, maimed, and subject to both theft and destruction of private property that included places of worship. The attacks were inherently discriminatory and thus genocidal in nature targeting members of the Sikh religion in India and did not ignore the cries of innocent men, women, and children who were either killed or battered and abused beyond recognition. Groups were formed during rampages of looting and incisive violence that was initiated by the words of one man, that is the Defendant Amitabh Bachchan.

Complaint
SFJ, et al. v. Amitabh Bachchan

17. It is noteworthy that the news of the attack on Prime Minister Gandhi did not bring any immediate peril on Sikhs but rather, almost 24 hours later after a smear campaign against Sikhs was initiated by Defendant, a systematic and organized effort on part of the leaders of the Congress (I) party began to eradicate the Sikh population by virtue of any means available. There are living witnesses who tell of personal observations of the Defendant Amitabh Bachchan chanting on the radio and in person with slogans of hate, fear, anger, bloodlust, and vengeance virtually and in effigy signing the death warrants of thousands of Sikhs. The hate-filled and murder-consuming, vengeful propaganda of Defendant Amitabh Bachchan quickly spread like the plague throughout New Delhi and dozens of cities throughout the entire country of India.  During the melee, people were instigated, provoked, organized and then given arms and ammunition to kill Sikhs in New Delhi to avenge the death of Prime Minister Gandhi. During the four day rampage, more than 30,000 Sikhs were killed in Delhi alone, hundreds of women were gang raped, hundreds of homes were looted, and scores of Sikh Temples were attacked and burnt to the ground.

18. The individual plaintiffs are victims and survivors of the massacre who witnessed the atrocities first hand and had lost family members, friends, and

Complaint
SFJ, et al. v. Amitabh Bachchan

loved ones killed during those events. The organization plaintiff, Sikhs For

Justice, Inc. ("SFJ") is a U.S.-based human rights organization dedicated to

achieving justice for the Sikh population who suffered during the

aforementioned 1984 events in India.

19. Moreover, on October 31, 1984, the day before the massacre, the defendant

raised the slogans "khoon ka badla khoon se lenge" ("Blood for Blood") and

"Blood Stains of Indira Ji must reach the home of Sikhs" which were

popularly aired on Indian radio.

20. This unleashed widespread panic due to a following systematic and

organized series of attacks against the Sikh community that ended with the

deaths of more than 30,000 Sikhs in a short span of 4 days all across India.

21. It is well known that the defendant used his "Super Star status" to incite

violence against Sikhs.

22. The defendant's political ties to the Gandhi family shielded him from being

investigated and prosecuted during the last three decades.

23. The mass killing of Sikhs, tantamount to an attempt at genocide, was widely

reported in the world press and was widely condemned by the western

nations and international media, including the media of India. One article

published by the Hindustan Times of New Delhi on November 1, 1984

Complaint
SFJ, et al. v. Amitabh Bachchan

shows a cartoon map of the Indian subcontinent drenched in the blood of

thousands of innocent Sikh men, women, and children who died as a result

of the chaos that erupted from the call of violence given by the Defendant

Amitabh Bachchan . The map pinpoints, highlights, and calls attention to the

numerous cities and places in India where the Sikhs were massacred,

specifically Delhi, Jammu & Kashmir, Himachal Pradesh, Haryana,

Jharkhand, Uttarakhand, Madhya Pradesh, Maharastra, Uttar Pradesh,

Chattisgarh, Andhra Pradesh, Bihar, Tamil Nadu, West Bengal, Gujarat,

Kerala, Orissa, and Tripura to name a few. The map appears below:



PUBLISHED BY:
THE HINDUSTAN TIMES, NEW DELHI                    NOV 1, 1984

SOURCE: LIBRARY OF CONGRESS NEWSPAPER RM

Complaint
SFJ, et al. v. Amitabh Bachchan

24. This is a civil action for compensatory and punitive damages against defendant Amitabh Bachchan for violations of state, federal and international law committed against the Plaintiffs, specifically the law of nations, customary international law, treaties of the United States including the Convention on the Prevention and Punishment of the Crime of Genocide of 1948, the Alien Tort Statute, the Torture Victim Protection Act and federal common law who, at all relevant times, were acting under color of state law of the state of India and with the actual or apparent authority of the Government of India.

## II.    JURISDICTION AND VENUE

25. Plaintiffs allege that Defendant is liable, jointly and severally, for genocide, extrajudicial killings, torture, and crimes against humanity, forced exile, attempted extrajudicial killings, torture and genocide and for conspiring with and aiding and abetting others in the aforementioned conduct.  Therefore, this Court has jurisdiction over this action based on the Alien Tort Statute, 28 U.S.C. 1350, the Torture Victim Protection Act, Pub. L. No. 102-256, 106 Stat. 73 (1992) (codified at 28 U.S.C. 1350 (note)) ("TVPA"), federal common law and 28 USC 1331.

26. Venue, upon information and belief, is proper in the Central District of

Complaint
SFJ, et al. v. Amitabh Bachchan

California, Western Division – Los Angeles pursuant of 28 USC § 1391 (b), (c), and (d) because Defendant recently conducted substantial business through Hollywood film industry, including his major role in the famous American movie "The Great Gatsby" made, sponsored and released by the Hollywood film industry which is located within the territorial jurisdiction of this court.

27. This Court has personal jurisdiction of the Defendants pursuant to Rule 4, Fed. R. Civ. P. and N.Y.C.P.L.R. 301 (McKinney 2010).

### III.   PARTIES

**A. Named Plaintiffs**

28. Plaintiff "Sikhs for Justice" is a legal entity registered and incorporated in the State of New York with a 501(c) (3) (not for profit) status, working to seek justice for those killed in November 1984 Sikh Massacre. Plaintiff sues on behalf of all the members of Sikhs community that were injured or whose family members were killed or injured during the massacre of November 1984. Plaintiff Mohender Singh and many other victims of "Sikh Genocide of 1984" are members of the Association SFJ. SFJ brings this action on behalf of its members who were tortured or had family members who were

Complaint
SFJ, et al. v. Amitabh Bachchan

tortured or killed in the violence that resulted from the call of violence

against Sikhs initiated by Bachchan on October 31, 1984.

29. Plaintiff Babu Singh Dukhiya is a Sikh, national and citizen of India. During

the massacre of November 1984 he lost several members of his family to the

groups that were motivitated and instigated by the call of violence against

Sikhs given by defendant Bachchan and were lead by Congress (I) party

leaders. Plaintiff Babu Singh Dukhiya's family home was looted,

vandalized, and destroyed. Plaintiff also sues on behalf of others similarly

situated i.e. those who were attacked, killed or injured during the massacre

of November 1984. Plaintiff Babu Singh Dukhiya is also President of the

National 1984 Victims Justice and Welfare Society, an organization started

to fight for the victims of The Sikh Genocide of 1984 who have been

repeatedly denied justice in India for more than 30 years.

30. Plaintiff Mohinder Singh is Sikh national and citizen of India, current

resident of the State of California and previously a resident of New Delhi,

India. During the massacre of November 1984, several members of his

family including his father were killed by the mobs that were instigated by

the slogans of Bachchan and were lead by Congress (I) leaders. Plaintiff also

Complaint
SFJ, et al. v. Amitabh Bachchan

sues on behalf of others similarly situated i.e. those who were attacked,

killed or injured during the massacre of November 1984.

**B. Named Defendant**

31. Defendant is a citizen and national of India. At the time of the horrific events

against the Sikh population in 1984, Defendant was a close affiliate to the

Gandhi family. After the October 31 assassination of Indira Gandhi,

Bachchan and mostly certainly as a reward for his role in avenging the death

of Ms. Gandhi, in December 1984 defendant was nominated as Congress

party candidate in general elections and he won a seat on the 8th Lok Sabha

(the Parliament of India) by one of the highest victory margins in the

election history of India. This also shows the popularity and influence that

Bachchan enjoyed at that time which he used to direct violence against

Sikhs. This was after his egregious and active role in instigating and inciting

the killing of Sikhs during November 1984.

32. During the "Sikh Genocide of 1984", Defendant Bachchan actively and

overtly took part in instigating, inciting and provoking the attacks against

Sikh population of India and caused the killing of innocent Sikhs in

retaliation of Prime Minister Gandhi's death. Specifically, the Defendant

was seen and heard by countless throughout India on the Indian television

Complaint
SFJ, et al. v. Amitabh Bachchan

and radio broadcast shouting out repeatedly in tones of blood-thirsty vengeance "Blood for Blood" and "Blood stains of Indira Ji must reach the homes of Sikhs." In the particular incidents involving individual plaintiffs, the attackers who killed and injured the plaintiffs and their family members were shouting the slogans that were raised by the defendant, clearly linking that they were instigated by the call of violence given by the defendant. Instigated by the defendant's call, the mobs captured Sikhs, killed Sikhs, raped Sikh women, assaulted, beat, and maimed Sikhs, as well as looted and destroyed Sikh homes and places of worship. Many Sikhs were burnt alive in broad daylight by the mobs in the presence of thousands. Defendant's words and actions were a major decisive turning point in the events that unfolded resulting in the deaths of over thirty thousand Sikhs.

## C. Class Allegations

33. The class consists partly of all men, women and children who are surviving the lawful attacks on them and on their families and properties during the massacre of November 1984 and who suffered either physical or mental injuries or loss of property or loss of companionship as a result of the actions of the defendant. The class also consists of next of kin of the legal/personal representatives of the next of kin of those Sikhs who were killed in New

Complaint
SFJ, et al. v. Amitabh Bachchan

Delhi India during November 1984 massacre in which the defendant voluntarily took part and  planned and directed the same.

34. The exact number of class members is not known. The official figures of the Indian Government put the number of Sikh deaths during those four fateful days at around 30,000; however, there are those who believe the death toll to be far greater.

35. The claims of the named Plaintiffs, the class representatives, are typical of the claims of the class. The named plaintiffs are able to and will fairly and adequately protect the interests of the class.

36. There are common questions of law and fact in this action that affect and relate to each member of the class including:

a. Whether the defendant instigated and abetted the killings of Sikhs during the November 1984 Massacre of Sikhs in India by inciting, given a call for violence against Sikhs to avenge the death of Prime Minister Gandhi.

b. Whether the defendant, as a powerful iconic figure as film star and close friend and affiliate of the powerful ruling Gandhi family had a following and influence over the people in India and he did in fact exercise such influence to have the Sikh population targeted

Complaint
SFJ, et al. v. Amitabh Bachchan

for unprovoked and vengeance-motivated attacks and killings, and subsequently used his influence and connections to save himself from being prosecuted and assisted in the massive cover up of the genocidal acts November 1984.

   c.  Whether the defendants actions during the November 1984 massacre of Sikhs, give rise to liability under applicable international and domestic laws.

37. This action is properly maintained as a class action because: a) the defendant acted and failed to act in a way generally applicable to the class, making any declaratory relief award appropriate to the class as a whole; and b) questions of law and fact common to the class predominate over questions affecting individual members and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## IV.  STATEMENT OF FACTS

### A.  Background

38. The Nation of India is a Federal Parliamentary Republic that is headed by a Prime Minister who is an elected representative of the people. India is governed by the "Central" or "Union" Government (hereinafter "Central Government") which is comprised of numerous departments,

Complaint
SFJ, et al. v. Amitabh Bachchan

- 18 -

agencies and ministries.  There are twenty-eight[3] states or provinces in India that are governed by elected officials called Chief Ministers who in turn appoint officials to run the local agencies, departments and instrumentalities of the state. The Central Government and the states are administered, controlled and otherwise run by the political party that holds the majority of seats in the Parliament and State Assemblies, respectively. The seat of the Central Government is located in the capital city of New Delhi. New Delhi's municipal government is traditionally administered and controlled by the political party in power in the Central Government.

33.  In October and November of 1984, the Indian National Congress (I) party ("Congress (I)") was the ruling political party of the Central Government of India with a majority in the Indian Parliament and, thus, was also in control of the local government of New Delhi. Moreover, in October and November 1984 Congress (I) also held majorities in eighteen of the twenty-two Indian States. In other words, Congress (I) virtually had complete control over the governance of India in October and November 1984.

---

[3] In October-November 1984, India consisted of only twenty-five (25) states. Three additional states were carved out in later years.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 19

36.  The Prime Minister of India in 1984 was Indira Gandhi, the daughter of Jawaharlal Nehru, the first Prime Minister of India post- Independence and protégée  of Mahatma Gandhi. Both Gandhi and Nehru were leaders of Congress (I) following independence in 1947 and Indira Gandhi was the leader of Congress (I) at the time she served as Prime Minister.

38.  On October 31, 1984, Prime Minister Gandhi was shot by two of her body guards who happened to be Sikhs. Immediately, after Indira Gandhi the then Prime Minister of India and head of ruling Congress party was declared dead at All India Institute of Medical Sciences (AIIMS), the Defendant Amitabh Bachchan, raised the slogans "Sikho ne Indira Ji ko mar dala" ("Sikhs have killed Indira") ; "Maro Saalon ko, desh ke ghaddaron ko" ("Kill these bastards , they are traitors") ; 'khoon ke cheentay Sikhon ke ghar ghar tak puhnchanay chahiyay'" ("the blood stains should reach the households of Sikhs") and "khoon ka badla khoon" ("blood for blood"). Hearing defendant Bachchan's call for violence against Sikhs, otherwise shocked and numb crowd immediately reacted violently towards Sikhs present in the crowd and started beating them.

39.  In less than twenty-four hours, an organized targeting of Sikhs throughout India began particularly in the capital of New Delhi that

continued unabated until November 4, 1984.

40.  During the four day rampage, more than 3,000 Sikhs were killed in New Delhi alone and more than 30,000 were killed all over India, hundreds of women were gang raped, children were brutally tortured, hundreds of houses and properties were looted and destroyed and scores of Sikh temples were ransacked and burned to the ground. More than 300,000 Sikhs across India were displaced.

42.  Taking a lead from the slogans raised by the defendant immediately after the death of Indira Gandhi, meetings were held Congress (I) headquarters located at 24 Akbar Road, New Delhi on October 31, 1984 and November 1, in which leaders and members of of Congress party including Jagdish Tytler, Sajjan Kumar, HKL Bhagat, Lalit Maken, Arjun Das and Kamal Nath.

44. Taking a cue from the defendant's idea of inflammatory slogans against Sikhs, leaders and officials of Congress (I) delivered inflammatory speeches and in some instances word for word repeated the defendant's slogans "Khoon ka badla khoon" (blood for blood) and "khoon ki chintey sikhon ke ghar tak pahunchni chahiye" (splashes of blood should reach the doorsteps

Complaint
SFJ, et al. v. Amitabh Bachchan

- 21

of Sikhs) in order to incite a genocidal riot directed at the Sikhs ostensibly to

avenge the death of Indira Ghandi.

49.  Congress party network and state machinery and resources were used

carry out and facilitate the call of violence initiated by the defendant. During

October and November1984, Congress (I) ruled and controlled 18 states and

had thus complete control over its party apparatus as well as state machinery

which it used against Sikhs.

## B.   Defendant's Participation and Role

50. Defendant single-handedly raised the first slogans calling for violence

against Sikhs which instigated the masses to kill Sikhs by chanting slogans

that promoted the deaths of Sikhs resulting in violence and rampage

terrorizing thousands and leaving thousands more dead in their wake. During

the time frame of October 31, 1984 to November 4, 1984, the defendant,

having close relationship ties to the family of the then Prime Minister of

India Indira Gandhi, and also having close ties to the ruling party the Indian

National Congress (I) party, instigated the violence against Sikhs resulting in

attack on Sikh lives, homes, business, and places of worship. The groups

that attacked the named plaintiffs and their families and homes, were clearly

instigated by the vengeful call of the defendant as the assailants during

Complaint
SFJ, et al. v. Amitabh Bachchan

attacks repeated the same slogans that were coined by the defendant and broadcast through TV and radio throughout India. The defendant's slogan had helped in creating an atmosphere and desensitizing the human senses and dehumanizing the Sikhs to such an extent that there were occasions when the police were present at the scene of the occurrences but instead of preventing the attack, they either joined the attackers or stood by silently.

## C. Inadequacy of Local Remedies

51.     Upon information and belief, as practical matter and proven fact, no adequate remedies are available to Plaintiffs under the Indian system. In fact after more than 30 years of massacre, the Indian government and its prosecuting agencies have failed to prosecute and convict a single leader including the defendant Bachchan who was responsible for instigating widespread killings of Sikhs. In the case of Bachchan, such has been his influence and connections with the powers to be that he was immediately rewarded with seat in the Parliament and has since then not even been investigated. All efforts by or on behalf of the plaintiffs to seek adequate remedy against Bachchan have been countered by the fruitless, and it seems impossible that even after 30 years, the plaintiffs will be able to seek justice against this defendant in India.

Complaint
SFJ, et al. v. Amitabh Bachchan

## General Allegations

52.     The acts described in this Complaint were instigated and abetted by

the defendant using his position and influence.

53.     The acts and injuries to Plaintiffs and their deceased relatives

described herein, as well as those similarly situated, part of a pattern and

practice of systematic human rights violations instigated and abetted by the

defendant and carried out in most cases by Congress-I workers, followers

and fans of the defendants and other individuals, who were motivated by the

call of violence against Sikhs given by Bachchan.

## FIRST CLAIM FOR RELIEF
*(Crimes against Humanity; Genocide, Rape, Torture, Summary Executions)*

54.     Plaintiffs re-allege and incorporate by reference the allegations set

Forth in paragraphs 1 through 54 of this Complaint as if fully set forth

herein.

55.     The actions committed by the defendant against Plaintiffs and

Decedents constitute Crimes against humanity committed with deliberation,

planning and precision. Defendant knew or should have known that

instigating the public sentiments against a vulnerable and unarmed religious

minority and painting the minority community as a whole "responsible for

the death of their leader would result in death, destruction and injuries to the innocent Sikhs. As such, the defendant was responsible for the physcial injuries and mental torture to the survivors, murder of decedents, and these wrongs knowingly committed as part of a widespread or systematic attack against a civilian population.

56.     Defendant, by virtue of this inhuman act, also caused great suffering And /or serious injury to body and/or to mental or physical health in the context of a widespread or systematic attack against a civilian population to Plaintiffs and to Descendant's next of kin.

57.     Defendant's acts and omissions constitute "tort[s]…committed in violation of the law of nations or a treaty of the United States" under 28 U.S.C § 1350 and also violate 28 § 1331 in that the acts and omissions against Plaintiff's violated customary international law prohibiting war crimes as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic judicial decisions, and other authorities.

58.     The acts and omissions constituting crimes against humanity caused Plaintiff's to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

59.     Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF

*(Cruel, Inhuman, or degrading Treatment or Punishment)*

60. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 59 of this complaint as if fully set forth herein.

61. The abuses committed against Plaintiff's and Decedents described herein each separately constitutes cruel, inhuman or degrading treatment or punishment and were instigated and abetted by the defendant. These acts include, but are not limited to: the intentional and illegal burning of residential neighborhood resulting in severe physical and psychological abuse and agony, humiliation, fear and debasement; the injury and death of family members during such burning, resulting in profound fear, loss, and anguish.

62. Defendant's acts also constitute torts committed in violation of the law of nations, and thus of the United States, as reflected in federal common law which incorporated extrajudicial killing, pursuant to 28 U.S.C §§ 1331 and 1350. Thus, the conduct constitutes a violation of the law of nations and customary international law prohibiting Cruel, Inhuman, or degrading

Complaint
SFJ, et al. v. Amitabh Bachchan

- 26

Treatment or Punishment as reflected, expressed, and defined in multilateral treaties and other international instruments, international and domestic, and judicial decisions and other authorities. Extrajudicial killing is similarly reflected, expressed, defined and codified in multilateral treaties and other instrumental instruments, international and domestic judicial decisions, and other authorities, and is thus actionable.

63. Defendant's acts and omissions described caused Plaintiffs to suffer damages, including severe mental and emotional pain and suffering in an amount to be proven in trial.

64. Defendant's acts and omissions were deliberate, willful, intentional, Wanton, malicious and oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF

*(Extrajudicial Killing)*

65. Plaintiff's re-allege and incorporate by reference the allegations set Forth in paragraphs 1 through 64 of this complaint as if fully set forth herein. The killings of Decedent's were deliberate and not authorized by a previous judgment pronounced by a regularly constituted court affording all the judicial guarantees that are recognized as indispensable by civilized peoples.

Complaint
SFJ, et al. v. Amitabh Bachchan

66. The killings were not lawfully carried out under the authority of any country or court. The killings of Decedents constitute extrajudicial killings as Defined by the Torture Victim Protection Act, Pub .L. No. 102-256,106 Stat.73 (1992) (codified at 28 U.S.C § 1350, note). Additionally, the killings constitute torts committed in violation of the law of the nations, and thus of the United States, as reflected in federal common law which incorporates extrajudicial killings as a violation, pursuant to 28 U.S.C. §§ 1331 and 1350.The conduct of the defendant constitutes violations of the law of nations and customary international law prohibiting extrajudicial killing, reflected, expressed, defined and codified in multilateral treaties and other international instruments and domestic judicial decisions and other authorities.

67. Defendant knew or should have known that instigating the public sentiments against a vulnerable and unarmed religious minority and painting the minority community as a whole "responsible for the death of their leader, arming the public and providing the oil and other arms to the goons and stopping the police from saving the lives of Sikhs encircled by angry mob of several thousand people would result in death, destruction and injuries to the innocent Sikhs. As such, Defendant was responsible for the murder of

Complaint
SFJ, et al. v. Amitabh Bachchan

Decedents, and these murders were knowingly committed as part of a widespread or systematic attack against a civilian population.

68. Defendant's acts and omissions caused Plaintiffs and Decedent's next of kin to suffer damages, including severe physical and mental pain and suffering in amounts to be determined at trial.

69. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF

*(Wrongful Death)*

70. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 69 of this complaint as if fully set forth herein.

71. Defendant was closely affiliated and connected to the Congress-I, the then ruling party and family of the late Prime Minister Indira Gandhi. The defendant owed a duty to Decedents because they were foreseeable victims as of the open call for violence given by the defendant by vengeful chanting of blood-thirsty slogans on October 31, 1984.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 29

72. Defendant's acts and omissions described herein caused Plaintiff's, other members of class and all of Decedents next to kin, to suffer damages, including pecuniary damages, in an amount to be proven at trial.

Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF

*(Negligence)*

73. Plaintiff's re-allege and incorporates by reference the allegations set forth in paragraphs 1 through 72 of this Complaint as if fully set forth herein. Defendant owned a duty to Plaintiffs and Decedents because they were foreseeable victims of the blood thirsty slogans raised by the defendant after the assassination of Indira Gandhi.

74. Defendant being a close affiliate of the ruling party, the Indian National Congress (I) and close affiliate and connected to the ruling family of the late Prime Minister Indira Gandhi of the Indian government, owed a duty to Decedents to refrain from intentional and wantonly harmful or outrageous conduct. Defendant owed a duty to Decedents because they were foreseeable victims of the vengeful and blood thirsty slogans that raised in public after the assassination of Indira Gandhi.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 30

75. Beyond mere negligence, Defendant's acts were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in addition to compensatory damages, in respective amounts to be determined at trial.

## SIXTH CLAIM FOR RELIEF

### *(Public Nuisance)*

76. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 76 of this Complaint as if fully set forth herein. Defendant deliberately and unreasonably interfered with the aforementioned rights by authorizing, commanding, and directing the attack on Sikhs, and particularly on Gurdawar Rakab Ganj.

77. The public nuisance created by Defendant directly caused Plaintiffs to suffer special injuries and damages, unique from those suffered by the public at large. The nuisance interfered with, obstructs, and/or injuries, Plaintiff's individual rights.

78. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive.

79. Defendant's acts and omissions described herein constituted a public nuisance and directly caused Plaintiffs and Decedents to suffer damages, including pecuniary damages, in the amount to be proven at trial.

Complaint
SFJ, et al. v. Amitabh Bachchan

## SEVENTH CLAIM FOR RELIEF

*(Battery)*

80. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 79 of this Complaint as if fully set forth herein.

81. Defendant instigated the public against the Sikhs, where Defendant knew or should have known that his actions would result in death and injuries to innocent members of Sikh community who were besieged therein. Defendant intended to bring about this contact.

82. As a direct and proximate cause of Defendant's conduct, Plaintiff's, other members of class and their Decedents were harmed. It was reasonably foreseeable that the attack would cause this harm.

83. Defendant's acts and omissions caused Plaintiff's to suffer damages, including severe physical and mental pain and suffering, in amounts to be determined at trial.

84. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF

*(Intentional Infliction of Emotional Distress)*

Complaint
SFJ, et al. v. Amitabh Bachchan

- 32

85. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 84 of this Complaint as if fully set forth herein.

86. Defendant instigated the public against the Sikhs instigated and abetted the killing of Sikhs by raising anti-Sikh slogans, where Defendant knew or should have known that his actions would result in death and injuries to innocent Sikhs.

86. Defendant intended to cause Plaintiffs to suffer humiliation, mental anguish and extreme emotional distress or, alternatively, Defendant recklessly disregarded a substantial probability of causing humiliation, mental anguish, and severe emotional distress to Plaintiffs with his conduct. As a direct and proximate cause of Defendant's outrageous conduct, Plaintiffs suffered severe emotional distress and mental suffering. It was reasonably foreseeable that his words would cause this suffering.

87. Defendant's acts and omissions were deliberate, willful, intentional, wanton, malicious, and/or oppressive, and should be punished by an award of punitive damages in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF

*(Negligent Infliction of Emotional Distress)*

88. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 87 of this Complaint as if fully set forth herein.

Complaint
SFJ, et al. v. Amitabh Bachchan

- 33

89. Defendant owed a duty to Plaintiffs to refrain from intentional and wantonly harmful or outrageous conduct of raising slogans calling for violence against Sikhs.

90. By raising slogans calling for the violence against Sikhs, directing an outrageous, wantonly violent attack on the Sikhs, Defendant violated this duty and created an unreasonable and foreseeable risk of substantial bodily harm or death to the Plaintiffs. The attack placed the Plaintiffs in grave danger and/or made them reasonably fear for their physical safety.

91. Plaintiff's have suffered and will continue to suffer extreme mental anguish and emotional distress that was directly caused by the trauma, shock, and fear that they experienced during and directly after the violent attacks orchestrated by the Defendant.

92. Moreover, Defendant's conduct caused the named Plaintiff's and other members of the class and their immediate families suffer violent deaths or grave physical injury. Defendant's conduct was a substantial factor in bringing about the injuries and deaths to which Plaintiff's bore witness.

93. In this manner, Defendant negligently inflicted severe emotional distress upon Plaintiffs. Defendant's acts and omissions caused Plaintiffs to suffer damages in amounts to be determined at trial.

Complaint
SFJ, et al. v. Amitabh Bachchan

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for judgment against Defendant as follows:

a)  For compensatory damages in an amount to be proven at trial;

b)  For  punitive and exemplary damages in an amount to be proven at trial;

c)  For reasonable attorney's fees and cost of suits;

d)  For a declaratory judgment holding that Defendant's conduct was in violation of the laws of nations.

e)  For a declaratory judgment holding that November 1984 violence against Sikhs was "Genocide" as defined under international laws and laws of the United States.

f)  For such other and further relief as the Court may deem just and proper.

A jury trial is demanded on all issues.

Dated: October 27, 2014

Babak Pourtavoosi, Esquire, SBN 216287
75-20 Astoria Boulevard, Suite 170
Jackson Heights, NY 11370
(718) 672-8000; Fax: (718) 732-4514
Bpesq2@yahoo.com
Attorney for Plaintiffs

Complaint
SFJ, et al. v. Amitabh Bachchan

- 35